### EX PARTE BOB GOODMAN.

#### No. 3956. Decided February 9, 1916.

**Habeas Corpus—Extradition—Affidavit—Fugitive from Justice.**

In the absence of any extradition papers issued by the Governor of this State honoring a requisition from the Governor of the demanding State, and a showing that the appellant was charged in the demanding State by indictment or complaint with this offense, an affidavit made in this State that the affiant had reason to believe that the applicant is a fugitive from justice from a sister State and guilty of rape, is not sufficient as a basis for extradition.

From Hill County.

Original habeas corpus proceedings asking discharge from custody based on affidavit made in this State to have relator extradited.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—This record is very brief, and can be briefly stated. It is an original application for a writ of habeas corpus to this court asking for a discharge under what is supposed to be an extradition proceeding. As a basis for this case Mr. Gross made an affidavit that he had good reason to believe and did believe that Bob Goodman is a fugitive from justice from the State of Louisiana; that he did on or about the 15th of May, 1915, in said State of Louisiana, wilfully, maliciously and feloniously have carnal knowledge with Leona Daily, she being an unmarried female between the age of twelve and eighteen years, and that said act so committed by Bob Goodman was then and there and is now a violation of the penal laws of the State of Louisiana, and that said Goodman has fled from that State where he committed said offense to the State of Texas, and is now to be found in Hill County, Texas.

It will be noticed that this affidavit only states that the affiant had reason to believe that the applicant is a fugitive from justice from a sister State, and that he had carnal intercourse with a girl between twelve and eighteen years of age, she being unmarried, and that said act was a violation of the laws of Louisiana, and that he had fled from that State into Texas, and is now in this State. This is not sufficient. There are no extradition papers in the record, and so far as the case is concerned it does not show that any were issued by the Governor of

this State honoring a requisition from the Governor of Louisiana, nor is it stated that applicant stood charged in Louisiana by indictment or complaint with this offense. Under the Act of Congress this is not sufficient, nor is it sufficient under the laws of Texas which, of course, must be governed by the congressional Act. Had a complaint been filed in Louisiana charging some violation of the law by reason of sexual intercourse, based only upon belief or information, it would not have been sufficient as authority for the requisition demand on the Governor of this State. This is settled by the authorities, which are not necessary to be cited. But this complaint does not allege or assert, directly or indirectly, that the applicant had been charged in any legal way in Louisiana with an offense, therefore it is not sufficient. Under the Act of the Legislature it is necessary, where the party is a fugitive from justice and is sought to be held as such, that he be charged with an offense in the demanding State. Taking this as a basis, an affidavit may be made holding the alleged fugitive awaiting the requisition demand, but there is nothing in this case indicating those things, therefore we are of opinion that the applicant is entitled to his discharge, which is accordingly ordered.

*Relator discharged.*